UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT CASKEY,
   Plaintiff,

vs.                                   No. 07-3090

STEVEN C. BRYANT, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review hearing by video conference.

The plaintiff, Robert Caskey, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Graham Correctional Center. The plaintiff has named five defendants including Warden Steven Bryant, Assistant Warden Andy Ott, Assistant Warden Lynn Dexheimer, Administrative Review Board member Sherry Benton and Correctional Officer John Doe.

The plaintiff says he is a smoking inmate and was assigned to a cell with a nonsmoking inmate. The plaintiff's complaint states that the nonsmoking inmate made several complaints to prison officials and asked to be moved. During the merit review hearing, the plaintiff stated while his cell mate never threatened him, the plaintiff did tell defendants about the problems they were having. No action was taken.

On August 11, 2006, the plaintiff's cell mate attacked the plaintiff and severely injured him. The plaintiff said it took a long time for Correctional Officer John Doe to respond, and when he did finally respond, he left again allowing the plaintiff's cell mate to continue to beat him. The plaintiff was taken to the hospital after the attack.

The court finds that for the purposes of notice pleading, the plaintiff has stated two violations of his constitutional rights: first, that the defendants failed to take action when the plaintiff told them about the problems with his cell mate; and second, that defendant Correctional Officer John Doe allowed the assault to continue without intervening.

The plaintiff does not specify in his complaint whether he intended to sue the defendants

1

in their official and/or individual capacities.  For clarification, the plaintiff has stated claims against the defendants in their individual capacities only.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities only:**

> **1)  Defendants Bryant, Ott,  Dexheimer, Benton and  John Doe violated the plaintiff's Eighth Amendment rights when they failed to protect the plaintiff from assault after the plaintiff warned the defendants of problems with his cell mate and they took no action; and,**
>
> **2) Defendant Correctional Officer John Doe violated the plaintiff's Eighth Amendment rights when he failed to protect the plaintiff on August 11, 2006 from an attack by his cell mate.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff's motion to proceed *in forma pauperis* has been granted. *See April 3, 2007 Court Order*.  A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The plaintiff must identify the name and work address of his John Doe defendant in order to effect service on them.  The Marshals cannot serve unidentified defendants.  If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have appeared, or, if those defendants do not provide an answer, a motion to compel with the court.  Failure to timely identify and serve the Doe defendant will result in his dismissal from the case.  *See* Fed. R. Civ. Proc. 4(m).**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under**

**Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 2nd Day of May, 2007.


                        s\Harold A. Baker
            _____
                       HAROLD A. BAKER
                 UNITED STATES DISTRICT JUDGE