**E-FILED**
Friday, 11 June, 2010  10:58:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT CASKEY,
     Plaintiff,

vs.                              07-3090

STEVEN C. BRYANT, et al,
     Defendants.

## DISMISSAL ORDER

The pro se plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Graham Correctional Center.  On May 2, 2007, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had adequately alleged that the defendants had violated his Eighth Amendment rights when they failed to protect the plaintiff from an inmate assault.

On July 10, 2008, the defendants filed a Suggestion of Death stating that the plaintiff had died during the pendency of this action.  Rule 25(a)(1) provides that if a party dies, unless substitution is made within 90 days of the service of a suggestion of death, the action shall be dismissed as to the deceased party. Fed.R.Civ.P. 25(a)(1). "The Rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party." *Gruenberg v Maricopa County Sheriff's Office,* 2008 WL 2001253 (D. Ariz. May 7, 2008)

On February 4, 2009, the court found that the defendants had not filed a proper notice of death in order to start this 90 day period.   The court required the defendants to serve the nonparty representatives of the plaintiff with a copy of the Suggestion of Death in the manner provided in Federal Rule of Civil Procedure 4 or to provide an affidavit outlining their efforts to determine or locate a personal representative or successor of the plaintiff. February 4, 2009 Text Order.

On February 23, 2009, the defendants stated that they had complied with the court order and had provided the plaintiff's wife, Janet Caskey,  with a copy of the Suggestion of Death.  More than 90 days have passed since this service and there has been no motion pursuant to Rule 25(a)(1) to substitute a party on behalf of Robert Caskey. Dismissal of this action is therefore appropriate.

IT IS THEREFORE ORDERED that this case is dismissed with prejudice under Federal Rule of Civil Procedure 25(a).  The Clerk of the Court is to enter judgement accordingly.


Enter this11th day of June, 2010.


                                **\s\Harold A. Baker**

                           _____
                                HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE